**Dino D'SAACHS, Petitioner–Appellant,**

v.

**Jim HALL, Warden, Respondent–Appellee.**

No. 08–55136.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2009.*

Filed March 9, 2009.

Ronald S. Smith, Esquire, Beverly Hills, CA, for Petitioner–Appellant.

David Delgado–Rucci, Esquire, Gary W. Schons, Esquire, Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Dino D'Saachs appeals the denial of his 28 U.S.C. § 2254 petition. We affirm because the California Supreme Court's determination was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). No U.S. Supreme Court decision tells a state trial court whether or when to rule on the voluntariness of a confession that the government does not plan to use in its case in chief. *Cf. Luce v. United States,* 469 U.S. 38, 42–43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). D'Saachs could not show prejudice, regardless, for he was convicted on testimony and other evidence unrelated to his interview statements. *See Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

D'Saachs never said he intended to take the stand, made no proffer of what he

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would have testified to had he done so, and did not ultimately testify. To the extent the statements he made to law enforcement are inculpatory (mainly, they were an exculpatory recital of the incident that put D'Saachs in a better light), they were never used. There is no way to tell—or for the trial court to have told—whether D'Saachs would even have testified inconsistently. Accordingly, having independently reviewed the record,[1] we are persuaded that the California court's decision was not contrary to, or an objectively unreasonable application of, clearly established Supreme Court law.

Given this disposition, we have no need to decide whether D'Saachs's post-arrest statements were, in fact, involuntary.

AFFIRMED.

---

1. There was no reasoned state court decision with respect to the claims before us, so we have conducted an "independent review of the record," as we must do in these circumstances. *See Delgado v. Lewis,* 223 F.3d 976, 981–82 (9th Cir.2000).

